376 So.2d 492 (1979)
STATE of Louisiana
v.
Joseph SIEGEL.
No. 64266.
Supreme Court of Louisiana.
October 8, 1979.
*493 Alton T. Moran, Director, Public Defender, Gail H. Ray, App. Counsel, Asst. Public Defender, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Lennie F. Perez, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.
Defendant Joseph Siegel was charged by bill of information with the April 3, 1973 burglary of a dwelling in violation of R.S. 14:62. He was tried by a jury on March 12 and 13, 1975, found to be guilty as charged, and sentenced to serve nine years at hard labor. Defendant was later adjudged a fourth felony offender and sentenced to life imprisonment at hard labor. On appeal, defendant's conviction was affirmed, but his sentence was vacated on the grounds that one of the previous convictions relied upon by the State in its multiple bill could not be properly considered as a basis for sentence enhancement. See State v. Siegel, 354 So.2d 525 (La.1978). The trial court, upon remand, initially denied the State the right to prosecute defendant as a fourth felony offender by introduction of evidence of an additional felony not relied upon at the original hearing. This court granted the State a supervisory writ and remanded the case for a new habitual offender hearing noting that "evidence of prior convictions properly authenticated should be admitted in evidence." State v. Siegel, 359 So.2d 199 (La.1978). At the multiple offender hearing which followed, defendant was again found guilty of being a fourth felony offender.[1] He was subsequently resentenced to life imprisonment in accordance with R.S. 15:529.1(A)(3). From this multiple offender conviction, defendant raises six assignments of error.

*494 Assignment of Error No. 1

In this assignment of error defendant contends that the trial court erred in denying his omnibus motion. In that motion he alleged that the trial court denied his constitutional rights to be free from cruel, unusual and excessive punishment by sentencing him as a multiple offender to life imprisonment and by denying his eligibility for diminution of sentence for good behavior under R.S. 15:571.3(C).
Defendant's argument in this assignment presents two separate issues. The first is whether R.S. 15:571.3 acts to deprive defendant of diminution of sentence for good behavior. Defendant argues that R.S. 15:571.3 should not be applied to deny him good time since all the crimes used to convict defendant as a multiple offender occurred prior to the effective date of the statute. Thus, such an application of the statute constitutes a violation of the ex post facto clauses of the Louisiana and United States Constitutions. We agree.
In light of this court's recent decision in State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978), it is clear that R.S. 15:571.3 cannot constitutionally deprive defendant of his eligibility for good time. In Bickman this court explained the legislative history of the provisions of 15:571.3 relative to the denial of eligibility of diminution of sentence for good behavior. The court noted that R.S. 15:571.3(B), which provides that all inmates in the custody of the Department of Corrections may be eligible for good time, was specifically amended in 1972 (La. Acts 1972, No. 739 § 1) to clarify eligibility for good time of inmates sentenced to life imprisonment. In 1975 the legislature added a section C to the statute to provide that a person sentenced as a multiple offender after September 15, 1975 could, on order of the court, be denied benefit of diminution of sentence for good behavior.[2] In 1977 the legislature amended section C to provide that multiple offenders sentenced after September 9, 1977 shall in no case be entitled to time off for good behavior.[3]
In reaching its decision in Bickman, the court relied on the authority of its prior decision in State v. Curtis, 363 So.2d 1375 (La.1978). Curtis held that the application of the amended provisions of R.S. 15:571.3(C) to a defendant who committed the underlying offense prior to the enactment of the statute, but who was sentenced thereafter, violates the ex post facto prohibitions of the Louisiana and United States Constitutions.[4] Thus, under Curtis, the *495 court held that the date to be used in determining whether a habitual offender is entitled to good time is the date the offense was committed and not the date on which the defendant was sentenced as a habitual offender. The court determined the following in light of the Curtis holding:
". . . (1) any person convicted of a felony committed on or prior to September 15, 1975, is eligible for diminution of sentence for good behavior regardless of the nature of his offense(s) and whether or not he has been adjudged a habitual offender; (2) any person who has committed a felony between September 16, 1975 and September 9, 1977 inclusive, has been convicted one or more times of one of the offenses enumerated in La.R.S. 15:571.3(C), and is sentenced as a habitual offender, is eligible for good time unless specifically denied such eligibility upon order of the sentencing court; and (3) any person who has committed a felony on September 10, 1977 or thereafter, has been convicted one or more times of one of the offenses enumerated in La.R.S. 15:571.3(C), and is sentenced as a habitual offender is automatically denied eligibility for diminution of sentence for good behavior." State ex rel. Bickman v. Dees, 367 So.2d at 288.
This prosecution is based on a simple burglary which occurred on April 3, 1973. Defendant was convicted of being a multiple offender on August 11, 1978. Therefore, although he was convicted after the date set forth in the statute for mandatory deprivation of good time, he committed the offense prior to September 15, 1975. Thus, he is eligible for diminution of his sentence for good behavior. The sentence insofar as it is without benefit of diminution of sentence for good behavior is illegal.
The second issue presented by defendant's argument is that his life sentence as a fourth felony offender is so excessive that it violates his rights under the Louisiana and United States Constitutions. Art. 1, § 20, La.Const. of 1974 prohibits the imposition by law of excessive punishment.
Defendant's presentence report characterized him as a "professional burglar." He has a juvenile record for theft, and ten subsequent felony convictions. The report concluded that, unless defendant underwent "extensive psychotherapy . . . he will persist in criminal activities the rest of his life."
The sentence is not excessive. However, as noted above, defendant is eligible for diminution of his sentence for good behavior. Accordingly, defendant's conviction is affirmed, but the sentence imposed is vacated and set aside and the case is remanded for resentencing in accordance with law.[5]
NOTES
[1] The crimes used by the trial court in finding defendant a fourth felony offender include the following: a simple burglary in violation of R.S. 14:62, allegedly occurring on April 3, 1973; unauthorized use of a credit card in violation of R.S. 14:67.3, allegedly occurring on June 25-27, 1968; a series of Texas offenses arising out of the same set of circumstances, allegedly occurring on December 16, 1974, which included unlawful possession of a forged instrument, theft, and burglary; and, a simple burglary in violation of R.S. 14:62 allegedly occurring on April 19, 1959.
[2] That provision added by Acts 1975, No. 727 § 1 is now embodied in R.S. 15:571.3(C)(1) with the amendment that it applies only prior to September 9, 1977.
[3] That provision added by Acts 1977, No. 633 § 1 is now embodied in R.S. 15:571.3(C)(2). The present subsection C reads as follows:

"(1) No inmate in the custody of the Louisiana Department of Corrections who has been convicted one or more times under the laws of this state of first or second degree murder; manslaughter; aggravated battery; aggravated, forcible or simple rape; aggravated kidnapping; aggravated or simple burglary; armed or simple robbery; and violation of R.S. 14:67 which is a felony; and violation of R.S. 14:95, R.S. 14:95.1, or R.S. 40:1751, et seq. which is a felony; any violation of the Louisiana Uniform Controlled Dangerous Substances Law which is a felony; or any felony defined as an attempt to commit one of the aforementioned crimes and who has been sentenced as a habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1 prior to or on September 9, 1977, shall be entitled to diminution of sentence for good behavior under this Part, if so ordered by the sentencing court.
(2) No inmate in the custody of the Louisiana Department of Corrections who has been convicted one or more times under the laws of this state of first or second degree murder; manslaughter; aggravated battery; aggravated, forcible or simple rape; aggravated kidnapping; aggravated or simple burglary; armed or simple robbery; any violation of R.S. 14:67 which is a felony; any violation of R.S. 14:95, R.S. 14:95.1, or R.S. 40:1751, et seq. which is a felony; any violation of the Louisiana Uniform Controlled Dangerous Substances Law which is a felony; or any felony defined as an attempt to commit one of the aforementioned crimes and who has been sentenced as a habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1 after September 9, 1977 shall be entitled to a diminution of sentence for good behavior under this Part."
[4] U. S. Constitution, Art. I, § 9 and La.Const., Art. 1, § 23 (1974).
[5] None of the other assignments present reversible error, nor do they involve legal issues not governed by clearly applicable legal principles. Their disposition is noted in an appendix attached to this opinion, which remains a part of the public record of this case, but will not be published with this opinion.