447 So.2d 1053 (1984)
STATE of Louisiana
v.
Reginald THOMAS.
No. 82-KA-1897.
Supreme Court of Louisiana.
February 27, 1984.
*1054 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Jim Williams, Lee Melton, Asst. Dist. Attys., for plaintiff-appellee.
Vernon Thomas, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
WATSON, Justice.
Defendant, Reginald Thomas, was convicted by a jury of two counts of simple robbery. After being adjudicated a fourth offender under LSA-R.S. 15:529.1, he was sentenced to life imprisonment at hard labor. On appeal, defendant makes two arguments for reversal of his convictions and sentence.

FACTS
On the night of April 4, 1981, Richard Barber, age eighteen, and his girlfriend, Laurie Dawson, age sixteen, were driving on Pontchartrain Boulevard in New Orleans when a red Monte Carlo behind them began flashing its bright lights. Barber slowed down and defendant Thomas pulled along side, turned on his inside lights, showed a badge, and motioned for Barber to pull over. Believing Thomas to be a police officer, Barber stopped his pickup truck. Defendant, in street clothes, opened the door on the passenger side where Laurie Dawson was seated and told the couple they would be in serious trouble if they had any drugs in the truck. Defendant Thomas ordered Barber to look away while he began rummaging through the truck's cab and Dawson's purse. Barber was then instructed to stand behind the truck while Thomas completed his search. Afterward, Barber was told to drive away without looking back and Barber complied.
Dawson discovered $30 was missing from her purse. Barber's money clip, containing $150, was also missing from the dashboard tray.[1] The police were called when Barber reached his home about thirty minutes later. Both Barber and Dawson identified Thomas as the man who had stopped them and searched the truck.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends there is insufficient evidence of "force or intimidation" to justify a verdict of simple robbery. LSA-R.S. 14:65 provides:

*1055 "A. Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
"B. Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both."
Reviewing the evidence in the light most favorable to the prosecution, the question is whether a rational trier of fact could have found the essential elements of robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The offense of theft is a crime against property, whereas robbery is an offense against the person; the latter has a harsher penalty:
"It is the increased risk of danger to human life caused when a theft is attempted in the face of the victim's opposition that caused the legislature to differentiate between robbery and mere theft." State v. Johnson, 411 So.2d 439 at 441 (La., 1982).
See also, State v. Mason, 403 So.2d 701 (La., 1981).
The property taken in a robbery must be sufficiently under the victim's control that, absent violence or intimidation, the victim could have prevented the taking. State v. Mason, supra; State v. Refuge, 300 So.2d 489 (La., 1974); State v. Verret, 174 La. 1059, 142 So. 688 (1932); LaFave & Scott, Criminal Law (Hornbook, ed. 1972), § 94, p. 696. If a defendant has taken advantage of a situation which resulted from the prior use of force or intimidation, most jurisdictions hold that a robbery has occurred. LaFave & Scott, supra, p. 702; State v. Covington, 169 La. 939, 126 So. 431 (1930).
Dawson testified that defendant "grabbed" her arm (Tr. 23) and she was scared. (Tr. 9-10) Barber said that he pulled over because he thought defendant was a police officer and he was "scared, worried `cause I didn't know what he was wanting me for." (Tr. 30) Also, Barber "was worried about my girlfriend on the side of me." (Tr. 25) Dawson thought Thomas was a police officer "until he searched through everything". (Tr. 9) When asked why he did not immediately call the police, Barber responded, "I was scared. I didn't know what to do. And, he told me to get in the truck and just go, don't look back." (Tr. 35) Barber said he was afraid all the way home.
Victims Barber and Dawson were clearly intimidated: first, by defendant's badge; second, by his threat of trouble; and third, by his general demeanor and aura of authority. Thomas took their money under the guise of searching the vehicle for drugs, an action which might be expected of a police officer. The jury reasonably concluded that defendant made the stop, conducted the search, and misappropriated the money by use of intimidation. The face-to-face confrontation involved the increased risk of bodily harm which distinguishes robbery from theft.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBER TWO AND THREE
Defendant contends his sentence is excessive.
Defendant was sentenced to life imprisonment with hard labor under the habitual offender statute as a fourth felony offender. LSA-R.S. 15:529.1 A(3)(a) and (b) provide:
"(3) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then,
"(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or

*1056 "(b) If the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence."
Defendant's prior convictions were for crimes other than those enumerated in subparagraph (b): (1) theft and receiving stolen things, LSA-R.S. 14:67 and LSA-R.S. 14:69; (2) attempted simple burglary, LSA-R.S. 14:62 and LSA-R.S. 14:27; and (3) theft, LSA-R.S. 14:67. None of these offenses carry a possible sentence in excess of twelve years. Therefore, defendant, as a fourth offender, could have been sentenced from a minimum of twenty years to a maximum of life imprisonment and he received the maximum.
Article I, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. State v. Sepulvado, 367 So.2d 762 (La., 1979). A sentence is unconstitutionally excessive when it is grossly out of proportion to the severity of the offense or inflicts unnecessary pain and suffering. State v. Reed, 409 So.2d 266 (La., 1982). A sentence within the statutory range may be excessive when considered in light of the individual defendant and the circumstances of his crime. State v. Quebedeaux, 424 So.2d 1009 (La., 1982); State v. Grey, 408 So.2d 1239 (La., 1982); State v. Sepulvado, supra.
At defendant's third felony sentencing in 1976, the same trial judge presided. The trial court was well acquainted with the defendant. Defendant received a sentence of eight years at hard labor because of his refusal to reform and was warned that a fourth conviction would subject him to life imprisonment. Police suspected defendant of being the offender in the robbery of Barber and Dawson when he was apprehended driving a stolen red Monte Carlo. In sentencing defendant to life imprisonment, the court expressed a desire to protect society from future criminal activity on the part of Thomas, obviously a legitimate concern.
While the guidelines in LSA-C. Cr.P. art. 894.1 must be considered, it is not necessary for every factor in that article to be enumerated. State v. Bradley, 414 So.2d 724 (La., 1982). The trial court is given wide discretion in imposing sentences, which will not be disturbed absent a manifest abuse of discretion. State v. Green, 443 So.2d 531 (La., 1983); State v. Jones, 381 So.2d 416 (La., 1980). There was no manifest abuse of discretion in the sentence imposed. See State v. Siegel, 376 So.2d 492 (La., 1979); State v. Bonanno, 384 So.2d 355 (La., 1980).
These assignments lack merit.

DECREE
For the foregoing reasons, the convictions for simple robbery and the sentence as an habitual offender of defendant, Reginald Thomas, are affirmed.
AFFIRMED.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
The defendant posed as a police officer and threatened the victims with arrest if he found any drugs in their possession. He used this subterfuge or false pretense to search and steal money under their immediate control and possession.
The victims unequivocally testified that at no time did the defendant use any force or violence toward them. The victim Barber testified he pulled over because he thought the defendant was a police officer and that he was "scared, worried, `cause I didn't know what he was wanting me for." When asked to explain exactly what he was afraid of, Barber responded, "That I might get a ticket for something I hadn't done, or whatever he was stopping me for." Dawson, the passenger, testified that she initially thought the defendant was a policeman but that she ceased to think so while he was searching through her purse and the *1057 truck. Dawson did explain that had the defendant been dressed in a police uniform, she would not have been afraid. However, defendant was dressed in regular clothes.
It is difficult for this writer to recognize that a mere threat to accuse, arrest or prosecute one for an alleged crime in the absence of actual force satisfies the element of "intimidation" in the simple robbery statute. Robbery is traditionally a crime against the person whereas theft is an offense against property. Further, it is well established that the essence of the crime of robbery is the element of either force or intimidation which both prevents the victim from opposing the taking and also poses a risk of danger to human life. See State v. Mason, 403 So.2d 701 (La. 1981).
By Act 50 of 1805, the Louisiana legislature adopted the common law definition of robbery as it existed prior to that time. La.R.S. 14:64 Official Comments. As can be seen from a review of the revised statutes, the statutory definition of the essential elements of the offense of robbery has remained unchanged since that time. What is more, the official comments in R.S. 14:64 specifically state that the common-law definition of robbery is correctly stated in the California Penal Code and that it was from that source that this section was adopted. Section 211 of the California Penal Code has remained unchanged since 1872; it provides:
Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.
Section 212 of the California Penal Code, which also remains essentially unchanged since 1872, provides that "fear" necessary to support a conviction of robbery must be fear of physical harm to the person or property:
The fear mentioned in Section 211 may be either:
1. The fear of an unlawful injury to the person or property of the person robbed or any relative of his or member of his family; or,
2. The fear of an immediate and unlawful injury to the personal property of any one in the company of the person robbed at the time of the robbery.
According to the doctrinal writers, where the offense of robbery is sought to be proved as a theft accompanied by the use of intimidation or fear, it must be such intimidation as in common experience is likely to create an apprehension of danger to the person. There must also be a causal connection between the victim's fear of harm in the robber's acquisition of the property. See, LaFave and Scott, Criminal Law, § 94 (Hornbook Edition, 1972)
The victims did not actually give up anything through these means. Although the property was taken from within their possession and immediate control, neither had any idea that anything was taken until they were on the way home and noticed that their money was missing. The search and theft of the money was conducted by and through the subterfuge of a possible arrest if drugs were found and neither victim was aware of the taking or theft during the time of the search.
The defendant is surely guilty of theft. La.R.S. 14:67 states:
Theft is the misapropriation or taking of anything of value which belongs to another, either without consent of the other to the misapropriation or taking, or by means of fraudulent conduct, practices, or representations.

He may also be guilty of extortion. La. R.S. 14:66 states:
Extortion is the communication of threats to another with intentions thereby to obtain anything of value or any acquittance, advantage, or immunity of any description. The following kinds of threats shall be sufficient to constitute extortion:
* * * * * *
2. A threat to accuse the individual threatened or any member of his family *1058 or any person held dear to him of any crime;
* * * * * *
The defendant is definitely not guilty of simple robbery.
In conclusion, this writer suggests that the majority opinion proceeds on a premise which does not truly recognize the gravamen of the offense of robbery as distinguished from that of theft and thus we have become the first, and probably the only, jurisdiction in America to recognize that robbery can be committed without the use or threat of force.
Assuming arguendo, that the defendant's conviction is valid, this writer dissents from the failure of the majority to remand the case to the trial court with directions that the trial judge comply with C.Cr.P. art. 894.1.
Thomas was adjudicated a fourth offender and then sentenced under La.R.S. 15:529.1 A(3)(a). This statute provides for a minimum sentence of 20 years and a maximum sentence of life. According to the sentencing hearing, his three prior convictions were (1) theft and receiving stolen things (La.R.S. 14:47, 69); (2) attempted simple burglary (La.R.S. 14:62, 27); and, again, (3) theft (La.R.S. 14:67). Although the sentence as handed down by the trial court was not expressly without benefit of parole, probation or suspension, La.R.S. 15:574.4 B prohibits parole consideration for a prisoner serving a life sentence unless that sentence has been commuted to a fixed number of years.
La.C.Cr.P. art. 894.1 mandates that a sentencing judge state for the record the considerations taken into account and the factual basis of those considerations in imposing sentence. Although the sentencing judge did briefly comment on the need to protect society as one reason for imposing this sentence, there is not even the barest mention of any mitigating circumstances. Whether any such circumstances exist is unknown, but it appears from the nature of the crimes utilized in the multiple offender hearing that such crimes usually do not involve violence, weapons or pose a danger or threat to human life. It may be that the thefts involved relatively insignificant amounts which may amount to another mitigating circumstance.
Nevertheless, one of the principal reasons given by the trial judge for the imposition of the maximum sentence is that this is what the judge had "promised" the defendant when he had appeared before the same judge on one of his prior convictions. As the judge stated in his reasons, "I never ran out on a promise to a defendant yet." This writer realizes that the trial judge knew of defendant's prior convictions and for that reason he made his promise and imposed the maximum sentence. Nevertheless, under our system of justice, we have required that every criminal sentence must be tailored to fit the circumstances of the crime and the individual offender. In this regard, we seem to have ignored the principle that maximum sentences are to be reserved for cases involving the most serious violation of the charged offense and for the worst offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). See also Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
This being the case, we, as a reviewing court should have some knowledge of whether the defendant meets this test.
Accordingly, the sentence should be vacated and the case remanded for resentencing before a different judge and in full compliance with C.Cr.P. art. 894.1.
NOTES
[1] Barber had been paid that day.