JOHN S. COVINGTON, Judge.
Harry Lucas was charged by bill of information with simple robbery. LSA-R.S. 14:65. The defendant pleaded not guilty and elected trial by jury. The jury returned a verdict .of guilty as charged. Defendant was sentenced to seven years hard labor, the maximum sentence provided by statute. Defendant filed one assignment of error.
FACTS
On January 13, 1984, at 10:41 a.m. approximately $230.00 was removed from the cash register of the Mariner’s Inn in Hammond, Louisiana. The manager, Bruce LaBresque, opened the restaurant at about 10:00 a.m. and counted the money in the cash register, which totaled $230.00. He *38 then went into the kitchen and when he came back out he saw defendant standing at the cash register “grabbing money”. LaBresque shouted at defendant and when defendant saw the victim, started running, hit the front door, which was still locked, and cracked the glass as he fell down. LaBresque testified that, “I was gonna tackle him right then, but I was afraid that he might’ve had a weapon.” LaBresque further testified that defendant got up and ran out a side door; he chased him approximately four blocks, until defendant ran into the Louisiana Legal Services Building where he was arrested. Upon b.eing taken into custody defendant was advised of his rights and then searched. Cash in the amount of $234.00 was discovered in defendant’s shoe.
ASSIGNMENT OF ERROR
The only assignment of error asserts the state’s failure to prove that theft of the money was accomplished by use of force or intimidation as required by LSA-R.S. 14:65.
DISCUSSION
The issue before us is whether “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).
The definition of Simple Robbery, in effect on the date of the alleged offense, is stated as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.” LSA-R.S. 14:65(A). Act 70 of 1983 substituted the word “taking” for the word “theft” which was used in the definition prior to 1983.
LSA-R.S. 14:67 defines Theft as “the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations.’.’
In State v. Thomas, 447 So.2d 1053 (La.1984), the Supreme Court stated that “the offense of theft is a crime against property, whereas robbery is an offense against the person; the latter has a harsher penalty: ... ” at 1055. The Court reasoned in State v. Mason, 403 So.2d 701 (La.1981) that “by providing a more severe grade of theft for those instances in which a thief uses force or intimidation to accomplish his goals, the legislature apparently sought to emphasize the increased risk of danger to human life posed when a theft is carried out in face of the victim’s opposition.” at 704. The Court further reasoned that “because the possibility of such a violent confrontation may exist in situations other than those where property is taken directly from the person of another, it has been recognized that it is sufficient for robbery that the property taken be sufficiently under the victim’s control, such that, had the victim not been subjected to violence or intimidation by the robber, he could have prevented the taking.” at 704; Accord: State v. Thomas, supra, at 1055.
The Second Circuit Court of Appeal affirmed a conviction of Simple Robbery based on defendant’s having “grabbed the victim’s money from his hand after the victim refused to give up the money” because “the circumstances establish that the taking was by force rather than a mere snatching” thus finding “the evidence to satisfy the element of force or intimidation essential to the crime of simple robbery.” State v. Jackson, 454 So.2d 1220, 1222 (La.App. 2nd Cir.1984). Accord: State v. Mason, supra.
In the instant case the victim clearly did not act as a man intimidated when he observed defendant “grabbing” money from the cash register. Mr. LaBresque shouted at defendant, gave some thought to tackling him, arid gave chase immediately when defendant got up and ran, pursuing him for a good distance until defendant ran into the building where he was arrest *39 ed. The record as a whole fails to establish either the element of force or the element of intimidation beyond a reasonable doubt to any rational trier of fact. The offense of Simple Robbery was not proved. That a theft occurred is not important for purposes of determining this appeal. The responsive verdicts to a charge of Simple Robbery are guilty or not guilty. LSA-C.Cr.P. art. 814, subd. A(24). Guilty of theft is not a responsive verdict. State v. Jackson, supra, at 1222.
The State’s Bill of Information, as amended, charged defendant with Simple Robbery and it was on that basis he was tried and found guilty as charged. Although the elements of the crime of Theft are shown by the record, a nonresponsive verdict to the Simple Robbery charge, a remand for trial on the correct charge would place defendant twice in jeopardy based on the same set of facts. While we are reluctant to set free a person so overwhelmingly guilty of the crime of theft we have no alternative. We therefore reverse the conviction and sentence and order the defendant discharged.
REVERSED AND DEFENDANT ORDERED DISCHARGED.
GROVER L. COVINGTON, C.J.,„ dissents.