481 So.2d 1056 (1985)
STATE of Louisiana
v.
Barton Alexander HALE.
No. 85-KA-0639.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Writ Denied March 21, 1986.
*1058 Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for plaintiff and appellee.
Thomas L. Mahfouz, Morgan City, for defendant and appellant.
Before EDWARDS, LANIER, and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Barton Alexander Hale was charged by bill of information with possession of diazepam, a controlled dangerous substance classified in schedule IV, in violation of LSA-R.S. 40:969 C. He pled not guilty and filed a motion to suppress the contraband which had been seized at his arrest. After a hearing, the trial court denied the motion, whereupon defendant withdrew his not guilty plea and pled guilty, expressly reserving his right to appeal the denial of his motion to suppress. See State v. Crosby, 338 So.2d 584, 588 (La.1976). The trial court then sentenced defendant to two years at hard labor and a $5,000 fine. In default of payment of the fine, defendant was ordered to serve one additional year in parish prison. Defendant appeals, urging that the motion to suppress should have been granted and that his sentence is excessive.[1] We affirm.
The circumstances surrounding defendant's arrest were related in testimony at the hearing on the motion to suppress. The owner of an Exxon Service Station in Morgan City testified that after watching defendant stagger to his car, he phoned the police and reported that a very intoxicated person was about to drive away from the station. Officer Lester Beam, who arrived on the scene within five or ten minutes, testified that he observed defendant's automobile in the exit lane of the station, partially onto the highway, with the headlights on and the motor running, and defendant slumped over inside with a cardboard box in his lap. After asking defendant to get out of the car and receiving no response, Officer Beam shook defendant and again asked him to get out of the car. According to Officer Beam, defendant just sat there for a few minutes appearing to be in a daze, but finally put the box on the seat and got out of the car. Officer Beam described defendant's appearance as "disarranged." He said that defendant held on to the car door and door jamb as he got out of the car, and that he staggered as he walked. Officer Beam said he attempted to administer a field sobriety test but that defendant kept stumbling backwards and was "very insecure in his actions."
Officer Beam then told the defendant he was under arrest for driving while intoxicated, and asked defendant what he wanted to do with his automobile. Defendant requested that it be stored at the service station, so Officer Beam called the service station attendant and reached inside the car to turn off the motor and lights. At that point, he again saw the box which he had first seen in defendant's lap. The box, now open on the front seat, contained gleanings of what appeared to him to be marijuana and two clear plastic bags containing a quantity of marijuana.[2] Officer Beam removed the box from the vehicle and then noticed that inside one of the large plastic bags was an unlabled container of pills.
*1059 Officer Beam transported defendant to the police station and attempted to run an intoxilizer test on defendant, but after receiving a reading of "zero-zero," he concluded that the machine was broken.[3] He testified that the machine was in fact later repaired.
Defendant's testimony painted a vastly different picture: He drove into the service station to buy gasoline and use the telephone. He was not intoxicated. His vehicle was located some fifty feet from the highway when Officer Beam approached him and undertook an extensive search of his vehicle, eventually finding drugs under the front seat and in the glove compartment.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his motion to suppress. He argues that his arrest was without probable cause because he manifested no indicia of intoxication. In addition he claims that the plain view doctrine does not apply in this instance because the contraband seized was hidden under the seat and in the glove compartment.
Although defendant provides extensive argument on these points, his legal conclusions are dependent on factual findings consistent with his description of the incident. The trial court, however, accepted Officer Beam's version of the facts rather than defendant's. We must give great weight to the trial court's findings of fact, State v. Keller, 403 So.2d 693, 696 (La. 1981), and we find no error in the trial court's credibility determination.
A law enforcement officer may make an investigatory stop and question a person when he has "reasonable cause to believe that [that person] has been, is, or is about to be engaged in criminal conduct." State v. Andrishok, 434 So.2d 389, 391 (La.1983) (citing LSA-C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The citizen's report to the police station and Officer Beam's own observance of defendant in the car clearly created reasonable cause to believe that defendant was drunk, had been driving, and was about to drive again. The reasonable suspicion ripened into probable cause to arrest defendant for DWI when Officer Beam tried to communicate with defendant and administer a field sobriety test.
In order for a warrantless seizure to come under the plain view doctrine, three conditions must be present: `(1) [T]here must be a prior justification for an intrusion into a protected area, (2) in the course of which evidence is inadvertently discovered, and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.' State v. Rodriguez, 396 So.2d 1312, 1316 (La.1981) (quoting State v. Banks, 363 So.2d 491 (La. 1978)). See also State v. Jenkins, 468 So.2d 1347, 1350 (La.App. 1st Cir.1985).
The record indicates that when defendant was arrested it was necessary to secure his vehicle; it was encroaching on a public roadway, and it posed a danger of obstructing traffic and causing accidents. Rather than impounding the vehicle, Officer Beam cooperated in defendant's decision to leave the vehicle at the service station. See generally State v. Banks, 363 So.2d 491 (La.1978). In the course of facilitating storage of defendant's vehicle, Officer Beam inadvertently discovered the open box on the front seat of defendant's car, and it was immediately apparent to him that the box contained contraband. Accordingly the items were legally seized under the plain view doctrine.[4] This assignment of error lacks merit.

*1060 ASSIGNMENT OF ERROR NO. 2
By means of this assignment of error, defendant complains that his sentence is excessive.
The trial court has wide discretion in imposition of a sentence within statutory limits, and the sentence will not be set aside absent manifest abuse of discretion. State v. Thomas, 447 So.2d 1053, 1056 (La. 1984) (citations omitted). Defendant's sentence is well within the statutorily defined range, being only about half of the maximum penalty. Even so, the sentence may yet be excessive when the individual defendant and circumstances of the crime are considered. Id.
Our review of individual excessiveness is made in light of the criteria in article 894.1 of the Code of Criminal Procedure. See State v. Brown, 412 So.2d 998, 999 (La.1982). The trial court complied with article 894.1, considering mitigating and aggravating factors and particularizing the sentence. Referring to the presentence investigation report, the court noted that the twenty-nine-year-old defendant had previous convictions, including one for possession of marijuana with intent to distribute, and that despite his high I.Q., by using drugs he was essentially wasting his great potential. The court stated that because of defendant's past, there was an undue risk that he would commit other crimes if he were not incarcerated. In any event, because defendant was a second felony offender, the court was without authority to suspend his sentence. See LSA-C.Cr.P. art. 893; State v. Wimberly, 414 So.2d 666, 673 (La.1982).
The trial court's articulation of reasons for the sentence was more than adequate to meet the statutory criteria, and we find no abuse of discretion in the sentencing. The sentence is not excessive, being neither grossly disproportionate to the severity of the crime nor merely the purposeless and needless imposition of pain and suffering. See State v. Thomas, 447 So.2d at 1056. This assignment of error lacks merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Judge Fleming heard the Motion to Suppress, but Judge Johnson was the sentencing Judge.
[2] Officer Beam testified that in the course of his twelve years as a policeman, he had seen marijuana many times.
[3] Officer Beam testified that even if a person had consumed no alcohol, his intoxilizer reading would be higher than zero-zero.
[4] Furthermore, even if the drugs had been, as defendant said, under the seat and in the glove compartment, they could have been legally seized because the passenger compartment of defendant's automobile could have been searched incident to his arrest. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Drott, 412 So.2d 984, 986 (La.1982); State v. Singletary, 442 So.2d 707, 710 (La.App. 1st Cir.1983).