STOKER, Judge.
The defendant, Huey P. Jeffers, was charged by bill of information with molestation of a juvenile and 32 counts of incest, violations of LSA-R.S. 14:81.2 and 14:78. The defendant entered a plea of guilty to five counts of incest. All other charges against him were dropped. The defendant was sentenced to serve 15 years at hard labor on each count, the sentences to run concurrently. The defendant has assigned as error the excessiveness of his sentence and asserts that the trial court failed to meet the requirements of LSA-C.Cr.P. art. 894.1. We affirm the defendant’s conviction and sentence.
FACTS
The defendant’s conviction and sentence stem from his sexual relationship with his 16-year-old daughter while she resided with him and his third wife in Concordia Parish. The defendant had not seen his daughter since shortly after her birth when *91 he and his first wife separated and divorced. The defendant traveled to South Dakota in 1985 to meet his daughter, and she came to live with the defendant in September of 1985. The sexual relationship began shortly thereafter and continued through January of 1986. The defendant’s daughter told law enforcement authorities that the defendant made her have sex with him daily and that their first sexual contact had been in South Dakota. The defendant claimed that his daughter pushed him into having sex with her and that he merely failed to dissuade her.
EXCESSIVENESS OF SENTENCE
The defendant argues by this assignment of error that the trial court’s sentence is excessive because he is a first felony offender.
The trial court ordered and had before it for consideration a presentence investigation report during sentencing. The sentencing transcript reflects that the trial court acknowledged that the defendant did not have an extensive criminal record, but considering the heinous and sordid nature of the offense did not consider the defendant a candidate for probation or suspension of sentence. The trial court adequately articulated the sentencing considerations in LSA-C.Cr.P. art. 894.1 in arriving at the sentence imposed upon the defendant.
The maximum term of imprisonment for the defendant’s offense is 15 years at hard labor. The defendant pleaded guilty to five counts of incest and was exposed to a maximum sentence of 75 years for all counts. Considering, as the trial court did, the serious nature of the offense, the lack of excuse or justification and the harm that the conduct caused, the sentence imposed is not grossly out of proportion to the severity of the offense and does not shock the conscience of this court. State v. Thomas, 447 So.2d 1053 (La.1984). The trial court did not abuse its wide discretion in imposing the sentence complained of.
Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.