ARMSTRONG, Judge.
The defendant, Richard D. Chiles, was charged with refusing to allow the inspection of pawnbroker’s records as required by LSA-R.S. 37:1756, a violation of LSA-R.S. 37:1761. Following a bench trial the defendant was found guilty as charged. He was sentenced to serve thirty (30) days in the parish jail and to pay a fine of $100.00 and court costs. It is from this conviction and sentence that the defendant now “appeals.” Since the defendant has no right of appeal because a first violation is not triable by a jury, we treat this matter as an application for supervisory writs.[1] State v. Banks, 444 So.2d 1243 (La.1984). State v. Hall, 454 So.2d 409 (La.App. 4th Cir.1984).
The record reflects that on October 31, 1985 Mrs. Faye Nuccio’s home was burglarized. Jewelry, cameras and other items were taken. On November 8, 1985, Mrs. Nuccio went to the D.I.K. Gun and Pawn Shop trying to locate her property. The defendant, Richard Chiles, worked in the shop as a pawnbroker. When Mrs. Nuccio told the defendant why she desired to view and inspect two gold charm bracelets which were in a display case, the defendant refused to take the bracelets out of the case. After a rude exchange of conversation, the defendant told Mrs. Nuccio to leave the shop. Mrs. Nuccio reported the incident to the local police. The next day Mrs. Nuccio returned to the shop accompanied by police officer, Sergeant Gerald Holland of the St. Bernard Parish Sheriffs Office.
At trial Sergeant Holland testified that he identified himself showing the defendant his sheriffs department credentials. He asked the defendant to show him his records, including books, ledgers and pawn tickets, concerning specific pieces of jewelry. The defendant refused to show them to the officer. Officer Holland told the defendant that he would return with a search warrant.
The defendant, his wife and his daughter-in-law, who all worked in the shop, testified. Each asserted that the man in the store with the blond-haired woman never asked to see the ledger books, only asked to see the pawn tickets on several pieces of jewelry, and did not identify himself as a police officer until after making his request.
A review of the record reflects that there are no errors patent.
By his first assignment of error defendant maintains that the verdict is against the overwhelming weight of the evidence presented. He argues that his testimony and that of his wife and his daughter-in-law presented a more plausible version of the incident than the testimony of Sergeant Holland and Mrs. Nuccio. In support of this argument the defendant cites State v. Williams, 452 So.2d 234 (La.App. 1st Cir.1984), writ not considered 456 So.2d 161 (La.1984); reconsideration not considered 458 So.2d 471 (La.1984); and State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ den. 449 So.2d 1347 (La.1984). Both cases discuss the credibility of the witnesses as a matter of the weight of the evidence, not its sufficiency. The court concluded that the determination of the weight of the evidence is a question of fact which is not reviewable by an appellate court.
Although not assigned as error, we have reviewed the sufficiency of evidence to support defendant’s conviction. R.S. 37:1756 provides:
*152 The book containing records of loans and pledges required in R.S. 37:1755 and the various articles pledged and referred to therein, shall be a bound volume, and shall at all times be opened to the inspection of law enforcement officers of the Office of State Police, or the superintendent of police of the city or town in which the pawnbroker does business or anyone designated by him in writing, or to the sheriff or his deputy of the parish in every city or town in the parish wherein the pawnbroker transacts business.
Officer Holland testified that he identified himself as a police officer, asked the defendant to inspect his pawnbroker’s books and the defendant refused to do so. Thus, this evidence was sufficient to convict the defendant. Viewing the evidence in the light most favorable to the prosecution, any rational trier of the fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, the evidence is sufficient to convict the defendant.
This assignment of error is without merit.
By his second assignment of error the defendant contends that the sentence imposed was an abuse of the trial court’s discretion. The defendant was sentenced to serve thirty days in St. Bernard Parish Prison and was fined $100.00, the maximum penalty possible under R.S. 37:1761; the court also imposed costs. The defendant cites State v. Sepulvado, 367 So.2d 762 (La.1979) in support of his argument that his sentence is excessive.
Article 1, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985); State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s particular sentence. State v. Caston, supra; State v. Thomas, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982) appeal after remand, 446 So.2d 1210 (1984).
In the present case, the trial judge stated factual considerations for sentencing, including the defendant’s expressed aggravation in dealing with a victim of a house burglary, and the importance of businessmen to cooperate with the sheriff's office. The trial judge is given much discretion in the imposition of sentence within the statutory limits and the sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981). In light of the circumstances, wherein the defendant arrogantly failed to allow the police officer to inspect his books, the sentence imposed is not excessive.
This assignment of error lacks merit.
By his third assignment of error defendant asserts that he was denied due process of law by a denial of a jury trial. The law is clear that misdemeanor cases in which the penalty does not exceed a fine of $500 or imprisonment in excess of six months are not triable by a jury. La. Const. Art. 1 § 17; C.Cr.P. Art. 779 (incorporating former R.S. 15:340 and R.S. 15:341). Although the defendant acknowledges that the law does not afford him a jury trial for a first offense under LSA-R.S. 37:1761, he contends that the law should be changed. The defendant, however, presents no persuasive reasons for such a change. This assignment has no merit.
*153 For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The Louisiana Courts of Appeal have appellate jurisdiction over criminal cases triable by a jury. La. Const. Article V § 10(A); C.Cr.P. art. 912.1(B). A criminal case is triable by a jury when the punishment which may be imposed is a fine in excess of $500 or imprisonment for more than six months. La. Const, art. I § 17; C.Cr.P. Art. 779.
The penalty provided for this offense for a first time offender is a fine of not less than twenty-five dollars nor more than one hundred dollars, or imprisoned for not less than ten days nor more than thirty days, or both.