DOUCET, Judge.
Appellant, Byron Keith Nora, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. Appellant was tried by a jury and found guilty as charged. Appellant was subsequently sentenced to serve twelve (12) years at hard labor without benefit of parole, probation or suspension of sentence.
The facts show that on May 6, 1981, at approximately 1:00 p.m., Mrs. Belinda Du-gas entered her residence where she found defendant, Byron Keith Nora. Defendant then fled out the back door of her house into her back yard. Mrs. Dugas followed defendant into the back yard and confronted him and asked him why he was there. Defendant then replied that he had not taken anything. When Mrs. Dugas told defendant that she was going to call her husband, he fled the scene of the crime. Mrs. Dugas pursued defendant in her automobile and Mr. Dugas, who arrived later, *918 took over the pursuit. Defendant was subsequently apprehended by the Iowa Police Chief. Defendant was taken back to the Dugas’ residence and admitted that he had been in the house, but claimed that he had taken nothing.
Desk and dresser drawers throughout the house had been opened and rummaged through. A floor safe in Mr. Dugas’ office had been uncovered. A pistol, which had been in Mr. Dugas’ desk, had been moved to another part of the house. No property was recovered from defendant. No property appeared to be missing.
In assignment of error number one, defendant urges that “The evidence was insufficient to support the verdict.” We disagree.
The test for sufficiency of the evidence is when viewing the evidence in the light most favorable to the prosecution, could the jury have concluded that the accused was guilty beyond a reasonable doubt of the crime with which he was charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When an essential element of the crime is proven by circumstantial evidence, the fact finder must accept as true all that the evidence tends to prove and then convict only if every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. State v. Shapiro, 431 So.2d 372 (La.1982).
Simple burglary of an inhabited dwelling is the unauthorized entry of an inhabited dwelling, used as a home, with the intent to commit a felony or theft therein. La.R.S. 14:62.2. The elements of the crime are: 1) unauthorized entry of a dwelling, 2) the dwelling is used as a home, and 3) intent to commit a felony or theft.
In the instant case, defendant was seen in the house by Mrs. Dugas and he admitted being in the house. Mr. and Mrs. Dugas testified that defendant did not have permission to enter their home. The building entered was the home of the Dugas family. Thus, this evidence establishes the first two elements of the crime.
With respect to the third element of the statute, a number of drawers in the house were rummaged through. A floor safe was uncovered. A pistol in Mr. Dugas’ desk was taken out of its holster and left in another room. Additionally, defendant tried to flee when he was confronted by Mrs. Dugas. From these facts we conclude that the jury could have reasonably inferred that defendant intended to commit a theft. Any reasonable hypothesis of innocence for defendant’s presence in the house would appear to be excluded by these facts. Thus, defendant’s first assignment of error is without merit.
In defendant’s second and third assignments of error, he urges that “Brady material was not ordered disclosed” and that “Defendant was denied effective assistance of counsel.” These assignments of error were not briefed. Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
In assignment of error number four, defendant asserts that “The sentence imposed was illegal in that it prohibited probation, parole, or suspension of sentence for the entire period of the sentence.” We agree with appellant’s contention.
La.R.S. 14:62.2 in pertinent part provides:
“Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”
The Supreme Court in State v. Boowell, 406 So.2d 213 (La.1981) interpreted this provision to mean that only the first year of the sentence is to be served without benefit of parole, probation, or suspension of sentence.
Defendant was sentenced to serve twelve (12) years without the benefit of parole, probation, or suspension of sentence. Pursuant to Boowell, supra, we find that the sentence imposed was illegal in that it prohibited parole, probation, or suspension for the entire sentence. Thus, we remand the case for resentencing.
In assignments of error numbers five and six, defendant urges that “The sentence imposed was excessive” and that *919 “The trial judge failed to adequately articulate his reasons for sentence and the factual basis therefor.” We disagree.
Art. 1, § 20 of the Louisiana Constitution prohibits the imposition of cruel and unusual punishment. A sentence is unconstitutionally excessive if it is nothing more than a needless imposition of pain and suffering. State v. Thomas, 447 So.2d 1053 (La.1984). In determining whether a sentence is excessive, the court should consider whether the penalty is so disproportionate to the crime as to shock one’s sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence within the statutory range may be excessive when considered in light of the individual defendant and the circumstances of the crime. Thomas, supra. The trial court is given wide discretion in imposing sentences, which will not be disturbed absent a manifest abuse of discretion. Thomas, supra.
When imposing sentence, the court is required to consider the sentencing guidelines of art. 894.1 and state for the record those that have been taken into account and the factual basis therefor. La.C.Cr.P. art. 894.1; State v. Soco, 441 So.2d 719 (La.1983). While the sentencing judge need not recite the entire checklist of aggravating and mitigating factors, the record must reflect that the sentencing court adequately considered the statutory guidelines. The important elements which must be considered are the convict’s personal history, prior criminal record, seriousness of particular offense, and likelihood of recidivism or rehabilitation.
At the sentencing hearing the trial judge took into account defendant’s age and the mitigating factors surrounding the crime. The mitigating factors included that his criminal conduct did not cause any serious harm, nor did he attempt to threaten the victim. Moreover, the court noted that defendant did not act under any provocation in committing the burglary for which he was convicted, and from the circumstances, the court concluded that defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
At the sentencing hearing the trial judge also considered defendant’s prior criminal record and the fact that he has not lived a law-abiding life since 1973. Defendant’s prior criminal record includes a conviction of misdemeanor theft on April 4, 1973 for which he was sentenced to serve six (6) months in the Calcasieu Parish jail, a sentence which was subsequently suspended. On November 5, 1973, defendant was sentenced to serve a jail term for the charges of burglary, theft, and simple robbery. On January 19,1977, defendant was sentenced to a term in jail for simple battery and theft by shoplifting. In April of 1977, defendant was sentenced to serve five years in the Louisiana Department of Corrections on a charge of burglary and attempted simple criminal damage. In April of 1978, defendant was sentenced to serve five (5) years in the Louisiana Department of Corrections on a charge of simple burglary. And finally, on December 10, 1981, defendant was sentenced to serve twelve (12) years in the Louisiana Department of Corrections for burglary.
The trial judge, after considering all of the foregoing factors, concluded that defendant is in need of correctional treatment. The court also concluded that a lesser sentence would deprecate the seriousness of defendant’s crimes. Consequently, the trial judge sentenced defendant to the maximum sentence. We find that the trial judge adequately complied with the sentencing guidelines and did not abuse his discretion, under the circumstances, in sentencing defendant to twelve years.
Accordingly, for the foregoing reasons, we uphold the conviction of the defendant and remand the case for resentencing.
AFFIRMED IN PART; REMANDED FOR SENTENCING.
DOMENGEAUX, J., concurs.