| x ARMSTRONG, Judge.
The defendant, Wayne Mock, was charged by bill of information with driving while intoxicated (D.W.I.). Following a bench trial the defendant was found guilty as charged. He was sentenced to thirty days in the parish prison, which was suspended; and, he was placed on one year inactive probation with the special conditions that he pay a fine of $125.00, plus costs, and $125.00 to the criminal clerk’s fund; that he perform thirty-two hours of community service; that he enroll in and complete substance abuse and driver’s improvement programs; and, that he pay the cost of one off-duty officer. It is from this conviction and sentence that the defendant now “appeals.” Since the conviction is for a misdemeanor, we treat this matter as an application for supervisory writs. State v. Wheeler, 95-1628 (La.App, 4th Cir. 12/14/95), 665 So.2d 1286.
The record reflects that on July 2, 1994, at approximately 3:00 a.m., Deputy Casamere James Acosta of the St. Bernard Parish Sheriffs Department was on patrol in the 5000 block of Paris Road when he saw an International Scout on the side of the road. As he approached, the vehicle took off at a very high rate of speed. Deputy Acosta pursued the vehicle and stopped it in the 5700 block. He]¿testified that he saw defendant stumble out of the vehicle and that there was a strong scent of alcohol on defendant’s person. He did not recall that there were any passengers in the vehicle.
Deputy Acosta had defendant perform the horizontal gaze nystagmus test which defendant did not pass. Defendant was placed under arrest and taken to the Intoxilizer where he performed consented to do the “walk and turn, one leg stand test.” Deputy Acosta testified that defendant failed this test as well. Defendant refused to take the breath test, and he did not tell the deputy of any head injuries or whether he was on any sort of medication.
Our review of the record reveals two errors patent in that the record is unclear as to whether defendant was present at arraignment and at pleading. However, La.C.Cr.P. art. 555 provides that a failure to arraign the defendant or the fact that he did not plead is waived if the defendant goes to trial without objecting thereto. Thus, even if defendant were not present at arraignment or pleading, any error has been waived due to the lack of any objection prior to trial. There are no other errors patent.
In his first assignment of error, defendant complains that Deputy Acosta did not have probable cause or reasonable suspicion to stop him. He argues that the mere spinning of the tires as he drove away falls short of the probable cause or reasonable suspicion necessary to stop the vehicle.
An individual cannot be stopped in his vehicle by a police officer, who does not have a warrant, unless the officer has reasonable suspicion that the individual is committing, has committed, or is about to commit a criminal offense, including the violation of a traffic regulation. La.C.Cr.P. art. 215.1; State v. Smith, 94-1502 (La.App. 4th Cir. 1/19/95), 649 So.2d 1078; State v. Brew, 593 So.2d 447 |8(La.App. 2d Cir.1992). Deputy Acosta testified that defendant was stopped not only because he spun his tires as he pulled out onto Paris Road, but also because defendant drove away at a high rate of speed. Deputy Acosta stated under cross-examination that defendant was traveling at too high a rate of speed to stop him. Because defendant was driving at a high rate of speed, Deputy Acosta had reasonable suspicion to stop defendant. This reasonable suspicion ripened into probable cause when defendant stumbled as he exited the truck and the strong odor of alcohol detected by the deputy. See State v. Hale, 481 So.2d 1056 (La.App. 1st Cir.1985), *821 writ denied 484 So.2d 668 (La.1986). Accordingly, this assignment of error is without merit.
In his second assignment of error, defendant complains that the trial court erred in finding him guilty. He argues that the State failed to present sufficient evidence that he was in fact the operator of the motor vehicle.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 660 (1979); State v. Rosiere, 488 So.2d 965 (La.1985). The reviewing court is to consider the record as a whole and not just evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
When a conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Camp, 446 So.2d 1207 (La.1984). This is not a stricter standard of review, but |4is an evidentiary guide for the trier of fact when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). If a rational trier of fact reasonably rejects the defendant’s hypothesis of innocence, that hypothesis fails; and, unless another one creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
La.R.S. 14:98 provides, in part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages;
[[Image here]]
Deputy Acosta testified that he did not recall if there was anyone else in the vehicle with defendant and said that it would have been written in his report if there had been a passenger. Although the deputy did not directly state that he saw defendant emerge from the driver’s side of the truck, he repeatedly referred to defendant’s driving of the vehicle during the pursuit and stop of the vehicle. In rendering judgment, the trial judge stated that the deputy testified that he saw defendant take off and that defendant exited the vehicle from the driver’s side. Considering the facts that there was no one else in the vehicle besides defendant and that it was seen being driven, the State proved beyond a reasonable doubt that defendant was the operator of the vehicle. This assignment is without merit.
For the foregoing reasons defendant’s conviction and sentence are affirmed.