396 So.2d 1258 (1981)
STATE of Louisiana
v.
James COOK.
No. 80-KA-2188.
Supreme Court of Louisiana.
April 6, 1981.
*1259 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Duncan Kemp, Dist. Atty., Abbott J. Reeves, J. Donald Cascio, Haydn S. Berey, Asst. Dist. Attys., for plaintiff-appellee.
Cynthia Fayard, Denham Springs, for defendant-appellant.
CALOGERO, Justice.
Defendant James Cook was charged by bill of information with possession of marijuana with intent to distribute,[1] an offense in violation of R.S. 40:967(A)(1),[2] allegedly committed on February 23, 1979. After trial by jury, a sentence of five years' imprisonment at hard labor was imposed.
Defendant relies on two assignments of error,[3] neither of which has merit. Article *1260 920 of the Code of Criminal Procedure mandates that which shall be considered by this Court on appeal, including "... error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." Because there is error in the jury's verdict discoverable by mere inspection of the pleadings and proceedings, we must reverse the conviction and order the defendant retried.
The penalty for violation of R.S. 40:967(A)(1), possession of marijuana with intent to distribute, is a maximum of ten years' imprisonment at hard labor. R.S. 40:967(B)(2). Therefore, according to the Louisiana Constitution of 1974, Art. I, § 17, and according to C.Cr.P. art. 782, the offense is triable by a jury consisting of no less than twelve persons, ten of whom must concur to render a verdict. In his instructions to the jury, the trial judge erroneously stated that only nine of the jury's number needed agree to render a verdict.[4] This error in instruction which is not discoverable by this Court absent objection may nevertheless explain the events which later transpired.
After charging the jury, the judge gave them a list of the verdicts responsive to the offense charged, as is required by C.Cr.P. art. 809. The verdict sheet contained inked notations on both the front and the back. On the front, typewritten, was the following:
"RESPONSIVE VERDICTS
GUILTY
GUILTY OF ATTEMPTED DISTRIBUTION OF MARIJUANA
GUILTY OF POSSESSION OF MARIJUANA
GUILTY OF ATTEMPTED POSSESSION OF MARIJUANA
NOT GUILTY"
Beside the third and fourth options, "GUILTY OF POSSESSION OF MARIJUANA and GUILTY OF ATTEMPTED POSSESSION OF MARIJUANA", there appeared no markings. Beside the first entry, "GUILTY", there appeared nine strokes, or "1" entries. Beside "NOT GUILTY" appeared two strokes or "1's". And beside "GUILTY OF ATTEMPTED DISTRIBUTION OF MARIJUANA" there appeared one stroke, or "1".
On the reverse of the verdict sheet there appeared the entry signed by the foreman "We the people of the jury find the defendant Guilty." Beneath that recitation appeared the following:
"Guilty9
Possession0
Dist.1
Not Guilty2"
It is evident from the review of the typewritten list of responsive verdicts and from the corresponding handwritten entries on the reverse with a 9-0-1-2 tally that the single entry beside "Dist." on the reverse was intended to correspond with a single stroke appearing on the front of the responsive verdict beside "GUILTY OF ATTEMPTED DISTRIBUTION OF MARIJUANA." (Underscore provided.) We conclude that the evident recitation of the jury's vote from a construction of these various entries is that nine jurors voted for guilty, one for guilty of attempted distribution of marijuana, and two for not guilty. It is also clear that under the law only nine votes in favor of guilty of the charged crime is insufficient to convict inasmuch as the 1974 constitution requires ten.
The trial judge accepted the jury's verdict apparently continuing in his misapprehension concerning the number of concurrences required for a conviction. He did, of course, poll the jury after being presented the inscribed verdict sheet, but his question and the juror responses as appear in the record are ambiguous. The question was "[i]s this your verdict?", and apparently each of the jurors in turn answered affirmatively. It is noteworthy that each juror *1261 was not instructed to state his individual vote, nor asked whether he had voted "guilty", but was rather asked to state whether or not the verdict was "your verdict." Given the written vote tally on the verdict sheet, it seems clear to us that the affirmative response of at least three of the jurors signified not that they actually voted for "guilty", but rather that they had participated in the voting and that the verdict sheet accurately reflected that participation and the jury's verdict. We conclude that the verdict sheet and the entries thereon, indicating a 9-0-1-2 tally, express the true verdict and vote of the jury, nine jurors only concurring in the finding of guilty.
As previously stated, the trial judge's error in the instruction is not part of the record for this Court's error patent review and is therefore, absent objection, not grounds for reversal of the conviction. State v. Chaney, 273 So.2d 259 (La.1973); State v. Bueche, 243 La. 160, 142 So.2d 381 (1962); State v. Marqueze, 45 La.Ann. 41, 12 So. 128 (1893). The verdict of the jury, however, is discoverable in the pleadings and proceedings for purposes of the errors patent review, as we have repeatedly held. State v. Sanford, 248 La. 630, 181 So.2d 50 (1965); State v. Craddock, 307 So.2d 342 (La.1975); and the verdict proper surely includes those markings placed upon the verdict sheet by the jury. As earlier noted, the sheet included, in addition to the foreman's designation of the guilty verdict, a vote tally, and on the reverse, markings indicating a pre-tally count. This verdict, therefore, represents a finding of guilty with only nine juror concurrences. Since we find error evident in the verdict, the defendant's conviction must be reversed.
In the absence of a concurrence of ten of the twelve jurors, there was no legal verdict rendered, either of conviction or of acquittal. Hence, it is proper that the defendant be retried. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165 (1824).

Decree
Accordingly, for the reasons set out above, the defendant's conviction is reversed and the defendant is remanded to the district court for retrial.
REVERSED AND REMANDED.
NOTES
[1] The state alleges that defendant sold to a confidential informant for ten dollars a certain quantity of marijuana.
[2] Prior to July of 1978, this crime was included under R.S. 40:966. The reclassification, however, did not entail an alteration of the attendant penalty.
[3] These assignments deal with the trial judge's determination at a preliminary hearing that there existed probable cause to hold defendant for trial, and additionally with the admission at trial of evidence used to impeach defendant's testimony.
[4] Defense counsel objected at trial to the court's charge regarding the number of juror concurrences required to render a legal verdict in the case, although not for the reason that such verdict would require ten votes (rather, counsel claimed that only a unanimous verdict was legal). However, this objection was not preserved for review by assignment of error and/or argument in support thereof. State v. Stoltz, 358 So.2d 1249 (La.1978).