KNOLL, Judge.
Defendant, Linda F. Aucoin, was indicted by the grand jury for first degree murder and aggravated burglary, violations of LSA-R.S. 14:30 and 14:60 respectively. The State elected to try defendant on the aggravated burglary charge. After trial by jury, defendant was convicted and sentenced to thirty years at hard labor. Defendant appeals her conviction and sentence, urging five assignments of error. Because we find a patent error rendering the jury verdict illegal, we must reverse defendant’s conviction and sentence, and *1337 remand for a new trial; therefore, we pre-termit all assignments of error.
LSA-C.Cr.P. Art. 920 dictates the scope of our review in criminal appeals and provides in pertinent part:

“The following matters and no others shall be considered on appeal:

[[Image here]]

(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. ”

Under this provision, we must consider patent errors. The verdict of the jury is discoverable in the pleadings and proceedings for purposes of the errors patent review. State v. Cook, 396 So.2d 1258 (La.1981); State v. Vincent, 387 So.2d 1097 (La.1980); State v. Craddock, 307 So.2d 342 (La.1975); State v. Sanford, 248 La. 630, 181 So.2d 50 (1965).
In the present case, defendant was charged with aggravated burglary, a crime punishable by imprisonment at hard labor for not less than one nor more than thirty years. Under LSA-Const. Art. 1 § 17 and LSA-C.Cr.P. Art. 782, cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. The trial judge properly instructed the jury that at least ten jurors must concur in the verdict, and the court minutes reflect a 10-2 vote. However, the record clearly reflects from polling of the jury that only nine jurors concurred in the guilty verdict. The question was “[i]s this your verdict?” Nine jurors answered “yes” and three jurors answered “no.” The jury verdict form indicated that the jury found defendant guilty, and it was signed by the foreman. However, the verdict form does not indicate how many jurors voted for each of the responsive verdicts — (1) guilty, (2) guilty of simple burglary, and (3) not guilty. The record before us clearly shows that the verdict represents a finding of guilty with only nine jurors concurring.
In the absence of a concurrence of ten of the twelve jurors, there was no legal verdict rendered, either of conviction or of acquittal. Hence, it is proper that defendant be retried. State v. Cook, supra; Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); United States v. Perez, 22 U.S. 579, 9 Wheat. 579, 6 L.Ed. 165 (1824).
DECREE
For the foregoing reasons, the conviction and sentence of defendant, Linda F. Au-coin, are hereby reversed and set aside, and this case is remanded to the district court for a new trial.
REVERSED AND REMANDED.