500 So.2d 921 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Linda F. AUCOIN, Defendant-Appellant.
No. CR85-707.
Court of Appeal of Louisiana, Third Circuit.
January 13, 1987.
*922 Gerald Block, Richard P. Weimer, Lafayette, for defendant-appellant.
Carrol L. Spell, Jr., Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before FORET, KNOLL and MOUSER[*], JJ.

ON REHEARING
KNOLL, Judge.
Defendant, Linda F. Aucoin, was indicted by the grand jury for first degree murder and aggravated burglary, violations of LSA-R.S. 14:30 and 14:60 respectively. The State elected to try defendant on the aggravated burglary charge. After trial by jury, defendant was convicted by a 10-2 vote and sentenced to thirty years at hard labor. Defendant appeals her conviction and sentence urging the following assignments of error: (1) the trial court erred in permitting the State to sever the charges in the indictment on the date of trial; (2) the trial court erred in concluding that the State proved each and every element of the crime beyond a reasonable doubt; (3) the trial court erred in not permitting defendant to cross-examine witness Francine Cole about Cole's previous medical treatment; (4) the trial court erred in imposing an excessive sentence; and (5) all errors patent on the face of the record. We affirm defendant's conviction and sentence.

FACTS
In May 1980, the victim, Zoe Suire, was stabbed to death in her home in Lafayette; she was 77 years of age, and had been stabbed sixty-four times. The house was ransacked and in complete disarray. There was a forced entry through a window in the victim's bedroom where the screen was torn. The murder weapon was not retrieved; however, a television, rings, a purse, and frozen meat were taken from the house. Approximately one week after the burglary and murder, a purse thought to have belonged to the victim and some of the victim's identification cards were found several blocks from the victim's home in an alley behind the Salvation Army. At trial, one of the State's witnesses, Francine Cole, *923 identified the purse as the one involved in the burglary at issue.
The police had no suspects until 1983 when several women came forward with information implicating defendant. Francine Cole, who had known defendant for eight years, testified in return for a reduction of the sentence she was serving for aggravated battery and simple robbery. She testified that at a party in May 1980, defendant and Angela Yockey told her that they had gone to the victim's home and had taken a television, some rings, meat from the freezer, a purse, and a vase. She stated that she saw the stolen items and, to her knowledge, defendant and Yockey attempted to sell the television in New Iberia. She testified that prior to the burglary, she and defendant resided at Yockey's residence, located in the same neighborhood as the victim's home, and that they visited the victim two or three times per week to use her telephone. Cole further testified that she saw the victim's purse underneath Yockey's residence and saw it again in Cole's car; Cole stated that the purse was thrown out of the car in an area across the street from where the police later found the purse.
Mary Ann Hayes testified that on three occasions she heard defendant state that she (defendant) "killed the old lady"  once at the party described by Cole, once before the party when they were riding in Cole's car, and again at defendant's apartment. Mona Martin testified that when she visited defendant after her arrest, defendant asked her to claim that defendant was with her on the night the crimes were committed. Martin stated that she did not recall spending that evening with defendant. Judy Lacour testified that defendant went to the victim's home to use the telephone, and that she recalled defendant stating that she had taken some meat from the victim. Most of the witnesses stated that they feared defendant; therefore, they either gave inconsistent statements when first questioned by the police or failed to come forward with information implicating defendant.

ASSIGNMENT OF ERROR ONE
Defendant contends the trial court erred in permitting the State to sever the charges in the indictment on the date of trial. Since this assignment of error was not briefed, it is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ASSIGNMENT OF ERROR TWO
By this assignment defendant contends the trial court erred in concluding that the State proved each and every element of the crime beyond a reasonable doubt.
The standard of review of sufficiency of the evidence is whether a rational trier of fact, accepting the facts in a light most favorable to the prosecution, could have found defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983).
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender: (1) is armed with a dangerous weapon; or (2) after entering arms himself with a dangerous weapon; or (3) commits a battery upon any person while in such place, or in entering or leaving such place. LSA-R.S. 14:60.
In the present case, Cole's testimony is evidence of defendant's entry into the victim's home without permission and defendant's intention to commit a theft therein. Cole's testimony is corroborated by the fact that the screen was pulled off the window and the house was ransacked. Cole further testified that defendant admitted to the theft of a television, some rings, meat from the victim's freezer, a purse and a vase. The purse, subsequently found in the area where Cole testified that the purse was thrown out of her car, is evidence that a theft was committed. Both Cole and Hayes testified that defendant admitted killing the victim. The victim's multiple *924 stab wounds is evidence that the offender was armed with a dangerous weapon and/or committed a battery upon the victim while in the house. We find the totality of the evidence clearly shows that an aggravated burglary was committed.
The only evidence that defendant was the perpetrator of the aggravated battery was the testimony of Cole and Hayes. The twelve jurors were made aware that both Cole and Hayes initially denied any knowledge of defendant's involvement with the crime, and that in return for her testimony, Cole's sentence was reduced. However, the jury chose to believe Cole's version of the events which transpired. Cole's testimony was corroborated by Hayes's testimony and by the fact that the victim's purse was found in the area where she stated it had been thrown. Accepting the facts in a light most favorable to the prosecution, we find that a rational trier of fact could have found defendant guilty of aggravated burglary beyond a reasonable doubt. Where the evidence is sufficient, we will not second guess the jury's verdict. Thus this assignment of error lacks merit.

ASSIGNMENT OF ERROR THREE
Through this assignment defendant contends the trial court erred in not permitting her to cross-examine witness Francine Cole about Cole's previous medical treatment, and that this limitation imposed by the trial court effectively denied defendant her constitutional right to confront and cross-examine the witness. We disagree.
During cross-examination, defense counsel questioned Cole about prior treatment she received for a mental condition; Cole denied such treatment. The State objected to this question. The trial court sustained the objection on the basis that it was an attempt to impeach the witness on a collateral fact or an irrelevant matter, prohibited by LSA-R.S. 15:494. The court further stated that if defense counsel was attempting to attack the credibility of the witness by showing habitual lying, he was not permitted to do so by showing that she was admitted into a mental institution because LSA-R.S. 15:490 and 15:491 limit proof of credibility to general reputation. Defendant contends that the trial court's ruling limited her right to confront and examine the witness.
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. LSA-R.S. 15:441. The credibility of a witness may be attacked generally, by showing that his or her general reputation for truth or for moral character is bad, or it may be attacked only in so far as his or her credibility in the case on trial is concerned. LSA-R.S. 15:490. When the general credibility is attacked, the inquiry must be limited to general reputation, and cannot go into particular acts, vices or courses of conduct. LSA-R.S. 15:491; State v. Chaisson, 425 So.2d 745 (La.1983).
In the present case, Cole's alleged mental treatment would not tend to show the commission of aggravated burglary nor would it negative defendant's commission of the aggravated burglary; therefore, it is irrelevant and cannot be used for impeachment purposes. Further, any incident of medical treatment would not constitute "general reputation" within the meaning of R.S. 15:490, 491 and, therefore, defense counsel could not attack Cole's credibility on that basis. Accordingly, we find the trial court properly limited cross-examination. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR FOUR
By this assignment defendant contends the trial court erred in imposing an excessive sentence. Wide discretion is given the sentencing judge in imposing a sentence within the statutory limits. State v. Square, 433 So.2d 104 (La.1983). The maximum sentence for aggravated burglary is thirty years at hard labor. LSA-R.S. 14:60. Defendant's sentence of thirty years at hard labor, with credit for time served, falls within the statutory limits. A sentence within the statutory limits should *925 not be set aside as excessive in the absence of a manifest abuse of the sentencing judge's discretion. State v. Roberts, 463 So.2d 1007 (La.App. 3rd Cir.1985). A sentence is constitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). The penalty must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, supra.
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Even though the sentencing court does not need to articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
In the present case, the record clearly shows that the trial judge considered all of the factors delineated in Article 894.1. After considering the factors, the trial court noted additional considerations for sentencing as follows:
"The surrounding circumstances of the aggravated burglary resulted in the death of a 77-year old woman, who was stabbed 64 times during the burglary. The defendant has a prior conviction which crime caused physical violence to another person. Law enforcement personnel recommend the maximum sentence."
We note that the aggravated burglary was committed in connection with a very brutal murder, for which there was no prosecution. In view of the severity of the offense and the harm caused to society, we cannot say that the penalty imposed is so grossly disproportionate to the crime committed as to shock our sense of justice. Thus we find this assignment lacks merit.

ASSIGNMENT OF ERROR FIVE
In this assignment of error, defendant requested that this court inspect the pleadings and proceedings for any errors patent on the face of the record. In our earlier opinion, State v. Aucoin, 488 So.2d 1336 (La.App. 3rd Cir.1986), pursuant to court policy, the record was inspected and we found a patent error from the polling of the jury; the verdict represented a finding of guilty with only nine jurors concurring when ten is required. We reversed and remanded the case. The State filed an application for a rehearing alleging that the polling of the jury actually was a ten to two verdict but there was an error in transcribing the polling of the jury verdict and requested an opportunity to correct the transcript. In the interest of justice, we granted the rehearing to allow the State the opportunity to amend the transcript to properly reflect the correct vote of the jurors. The trial court conducted an evidentiary hearing with the defendant present; the evidence showed that the correct jury vote was ten to two, but was inadvertently transcribed as nine to three. The State properly amended the record and forwarded the amended record to us.
We now find as a matter of fact that the original record contained a typographical error which inadvertently showed nine concurring jurors when the jury was polled, and the amended record shows the correct polling of the jury with ten concurring jurors. Thus, the jury verdict was based upon a proper count and did not constitute a patent error. Since this error was not a patent error, in this second rehearing we fully considered defendant's appeal.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Linda F. Aucoin, are affirmed.
AFFIRMED.
NOTES
[*] Judge Edward M. Mouser of the Thirty-Third Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.