DOMENGEAUX, Judge.
Defendant, Willie Douglas Howard, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. He entered a plea of guilty to the charge. The court ordered a pre-sentence investigation. The court assigned written reasons for sentencing and sentenced defendant to imprisonment for twelve years. Defendant appeals the imposition of this sentence as being excessive.
Defendant and two accomplices broke into the Dairy Delight Store in Pleasant Hill, La. They entered the building by breaking and climbing through a glass window. They removed an assortment of ciga *12 rettes, candy, chewing gum, and frozen foods. They also removed money from three video games, a juke box, and a pool table, all of which were forcibly opened. The money taken from these machines to-talled about $300.00. The total loss to the owner in terms of damage and stolen property was $3,725.00.
The pre-sentence investigation revealed that defendant has a juvenile record and an extensive adult criminal record. This is his fourth felony conviction. Three of his previous arrests and one of his prior convictions were for crimes of violence against a person.
ASSIGNMENTS OF ERRORS NOS. 1, 2, AND 3
In these assignments of error defendant claims the trial court erred in failing to follow the sentencing guidelines of La.C. Cr.P. art. 894.1, in failing to state for the record the considerations taken into account in sentencing and in sentencing appellant to an excessive sentence.
Article 894.1 of the Code of Criminal Procedure sets forth the guidelines a judge should consider in particularizing a sentence to a defendant. While the guidelines in La.C.Cr.P. art. 894.1 must be considered, it is not necessary for every factor in that article to be enumerated. State v. Thomas, 447 So.2d 1053 (La.1984). Failure to adequately comply with article 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illuminates and supports the sentencing choice. State v. Jones, 478 So.2d 764 (La.App. 3rd Cir.1985).
The trial judge, in the instant case, commented on the record that he had received and reviewed the pre-sentence investigation report, a copy of which had been provided to the defendant’s attorney. In his written reasons for judgment the judge stated:
The court has reviewed the pre-sen-tence report in the light of Paragraph B of article 894.1 of the Louisiana Code of Criminal Procedure, searching for a basis for mitigating defendant’s sentence. None exists.
From this statement we conclude that the trial judge adequately considered the sentencing guidelines, taking into account the mitigating factors of article 894.-1, using the facts stated in the pre-sentence report as a basis for his decision.
An examination of the pre-sentence report shows that none of the mitigating factors of article 894.1 apply to this defendant. The defendant’s conduct did cause serious harm which defendant must have contemplated. There is no provocation, justification, or victim inducement involved. Defendant has not compensated the victim. Defendant has a long history of criminal activity. Due to his lengthy history of criminal activity, defendant is likely to commit more crimes. The defendant is not likely to respond to probationary treatment. Imprisonment would not entail excessive hardship to defendant or his dependents.
We cannot conclude that the trial judge failed to adequately consider the requirements of article 894.1 and to state the basis for his decision.
In addition, defendant argues that his sentence is unconstitutionally excessive. Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).[1] A sentence is unconstitutional and excessive when it is grossly out of proportion to the severity of the crime. A sentence within the statutory range may be excessive when considered in light of the individual and the circumstances of the crime. The trial court is given *13 wide discretion in imposing sentences, which will not be disturbed absent a manifest abuse of discretion. State v. Thomas, supra.
The penalty for burglary is a fine of not more than $2,000.00 and/or imprisonment up to twelve years. Defendant was sentenced to twelve years at hard labor. The trial judge noted that this was defendant’s fourth felony conviction. He had a long history of criminal conduct, including several violent crimes against a person. There were no mitigating circumstances for the instant offense. Under the circumstances, the sentence imposed does not shock one’s conscience. We therefore conclude that the trial judge did not sentence defendant to an unconstitutionally excessive sentence.
For the above and foregoing reasons the sentence given by the district court is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169. See also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.