YELVERTON, Judge.
Ricky Ballard, defendant, was originally charged by bill of information with distribution of Dilaudid, a Schedule II drug, in *86 violation of La.R.S. 40:967(A). He subsequently entered a plea of guilty to possession of Dilaudid, a violation of R.S. 40:967(C), and was sentenced to serve three years at hard labor with credit for time previously served. Appellant appeals this sentence based on two assignments of error.
FACTS:
On June 24, 1987, appellant sold five Dilaudid pills to an undercover police officer of the Grant Parish Sheriffs Office. In the transaction appellant requested and was paid $150 for the pills. On July 28, 1987, officers proceeded to his residence to arrest him for distribution of controlled substances. When appellant opened the door the officers detected a strong odor of marijuana and procured a warrant to search appellant’s home. The search revealed some marijuana, various pills, and paraphernalia commonly used for injecting narcotics. This search resulted in two additional charges, possession of CDS and possession of marijuana.
In what is described as a “plea agreement” in appellant’s brief, the distribution charge was reduced to possession of Dilau-did, and the other two charges were placed on the court’s “Delayed Docket.” Appellant pled guilty to possession of Dilaudid. There was no agreement as to sentence.
The trial court ordered a presentence investigation report prepared. This report shows that, in addition to the offenses mentioned, appellant’s remaining criminal record consists of a driving while intoxicated conviction in 1985. At sentencing, the trial judge gave credit for time served which appears from the record to have been approximately six months.
ASSIGNMENTS OF ERROR:
Appellant’s two alleged errors .are that the trial judge failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1, and that he imposed an excessive sentence.
La.C.Cr.P. art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the “trial court shall state for the factual basis therefore in imposing sentence.” State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing judge need not articulate every mitigating and aggravating circumstances, however, the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987). Failure to adequately comply with Article 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Howard, 511 So.2d 11 (La.App. 3rd Cir.1987). A sentence imposed by the trial court which falls within statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, supra. A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable penal goals and therefore is nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985); State v. Landry, 502 So.2d 281 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 63 (La.1987). The trial court is given wide discretion in imposing sentence and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
In the instant case, the articulation of sentencing reasons by the trial judge fails to meet the guidelines contemplated by La.C.Cr.P. art. 894.1. However, the record illumines and supports the sentencing choice. Remand for resentencing is necessary only if the sentence imposed is shown to be apparently severe in relation to the particular offender and the facts of the offense as contained in the record. State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984).
Appellant was exposed by the plea to the reduced charge to a possible penalty of five years at hard labor and a fine of up to $5,000. La.R.S. 40:967(C). The three year sentence imposed is in the middle range of sentencing exposure. The penalty *87 for appellant’s criminal action was significantly reduced by the plea to a lesser offense. The presentence investigation establishes appellant was arrested after the instant offense with additional controlled substances in his possession with evidence of recent drug abuse. The record and pre-sentence investigation report ordered by the sentencing judge reveal a somewhat even balance between factors favoring incarceration and those favoring suspension and probation. Besides having been originally charged with a Schedule II controlled dangerous substance, Dilaudid, which carries a sentence of between five and thirty years at hard labor and a fine of up to $15,000 — a charge which from all accounts accurately describes appellant’s offense— appellant, 32 years of age, has been involved in drugs for practically all of his adult life, has had a sporadic work history, and has never married or accepted responsibility. On the other hand, this arrest and conviction has apparently motivated him to what many believe has been a serious effort at reform. Nevertheless, the sentence imposed is not apparently severe or excessive. Under all the circumstances, the sentence is consistent with the goals of the justice system by providing for appellant’s reintegration into society through correctional treatment. The sentence does not appear to be grossly out of proportion to the offender or his crime. Because the facts present in the record illumine and lend support to the sentencing choice, the sentence imposed is not an abuse of the sentencing judge’s discretion.
For these reasons, these assignments of error are without merit.
AFFIRMED.