KING, Judge.
The sole issue presented by this appeal is whether or not the sentence imposed on the defendant is excessive.
On January 29, 1988, Bennie J. Maddox (hereinafter sometimes referred to as the defendant) was charged by bill of information with the crime of molestation of a juvenile, a violation of LSA-R.S. 14:81.2. On March 21, 1988, the defendant pled guilty to a lesser charge of indecent behavior with a juvenile, a violation of LSA-R.S. 14:81. On June 3, 1988, the court sentenced defendant to the custody of the Louisiana Department Of Corrections to serve a term of five and one-half years at hard labor. Defendant appeals alleging that the sentence was cruel and excessive. We affirm the conviction and sentence.

FACTS

On December 29, 1987, the defendant’s fifteen year old daughter, Vickie Maddox, told her boyfriend, Greg Rappold, that the defendant had been sexually molesting her. Thereafter, Vickie and Greg traveled to Kenner, Louisiana, where Greg’s grandfather, Deacon Balderas, lives. While in Kenner Vickie informed Mr. Balderas that defendant had been sexually abusing her over the last two years and that he was threatening to rape her. Mr. Balderas called the Beauregard Parish Sheriffs office on December 31,1987 and reported the allegations Vickie had related to him. The Sheriff’s office referred the matter to the Child Protection Agency for further investigation.
The record shows that Mr. Lamar Strother, an officer with the Child Protection Agency, spoke on January 6,1988, with the defendant about the allegations. Defendant admitted to Strother that he had committed several sexual acts upon his daughter, Vickie Maddox. When Strother contacted Vickie, she stated that she had tried to resist the sexual assaults, but the defendant had forced her to do these acts. Both defendant and Vickie denied that intercourse or oral sex had occurred.
Based upon information obtained from the investigation, defendant was arrested on January 7, 1988 for fifteen acts of molestation of a juvenile. After he had been advised of his rights, defendant signed a written waiver and gave a voluntary written and recorded statement to Beauregard Parish Sheriff deputies Robert McCullough and Glen Mears and to the Child Protection Officer, Strother, at the Beauregard Parish Sheriff’s office located in DeRidder, Louisiana. Defendant admitted to fondling his daughter and forcing her to masturbate him on one occasion. The defendant stated that he did not know why he committed the *796 acts but that he was always drinking when the molestations occurred. Defendant further admitted that the sexual relationship with his daughter had' been ongoing about a year and one-half prior to his arrest.
On January 29, 1988, defendant entered a plea of not guilty to the charge of molestation of a juvenile and the matter was set for trial. In a plea agreement made prior to the selection of the jury, defendant entered a plea of guilty to the reduced charge of indecent behavior with a juvenile, a violation of LSA-R.S. 14:81. The trial judge accepted defendant’s guilty plea and ordered a pre-sentence investigation report to be made. This report shows that defendant has four other children; the next oldest being a thirteen year old daughter. It also discloses that defendant has been attending AA meetings four times a week since January, 1988 and that he has attended counseling at the Counseling Center of DeRidder at his own expense. After reviewing the report and holding a sentencing hearing, the trial court sentenced the defendant to the custody of the Louisiana Department Of Corrections to serve a term of five and one-half years at hard labor.
EXCESSIVE SENTENCE
By this assignment of error the defendant argues that the trial court erred by imposing an excessive sentence on him which constitutes cruel and unusual punishment. The defendant alleges that this sentence is grossly out of proportion to the crime committed, under the particular circumstances of this case, as he was only a first time offender.
The crime of indecent behavior with juveniles carries a maximum sentence of seven years, with or without hard labor, and a fine of not more than $5,000.00. LSA-R.S. 14:81. The five and one-half year sentence imposed on defendant is therefore within the statutory limits for sentencing. However, even a sentence which falls within the statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
The criteria for consideration in determining whether a sentence is excessive is found in La.C.Cr.P. Art. 894.1. This statute mandates that the trial court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, supra. The sentencing judge need not articulate every mitigating and aggravating circumstance; however, the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence. State v. Sepulvado, supra; State v. Aucoin, 500 So.2d 921 (La.App. 3 Cir.1987). A sentence is excessive if the penalty is so disproportionate to the crime as to shock our sense of justice or if it operates to do nothing more than needlessly impose pain and suffering. State v. Cann, 471 So.2d 701 (La.1985); State v. Palmer, 447 So.2d 1159 (La.App. 3 Cir.1984). The trial court is given wide discretion in imposing sentence and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982); State v. Palmer, supra.
At sentencing, the trial judge clearly articulated his findings pursuant to La. C.Cr.P. Art. 894.1 in determining that a sentence of imprisonment should be imposed. The trial judge determined there were several factors that required a sentence of imprisonment in this case. He was of the opinion that a lesser sentence other than imprisonment would deprecate the seriousness of the crime and that the law was concerned with emphasizing the need for people to refrain from this sort of conduct. The trial judge expressed his belief that defendant was in need of correctional treatment in a custodial environment to impress the seriousness of the crime. Additionally, he felt that if defendant was given probation, he might very well commit the same kind of offense with the same child or other younger children. The latter concern was prompted in part by a comment made by defendant to the effect that he had stopped attending counseling because the counselor appeared to be on his daughter’s side. The trial judge stated that he was deeply disturbed by the defendant’s remark. He expressed a belief that *797 defendant was not concerned about the seriousness of the offense and that defendant was trying to justify his misconduct. In mitigation, the trial court considered defendant’s first offender status. The court noted that the pre-sentence investigation report revealed that defendant has had only minor contacts with the law. Defendant had two arrests for thefts in 1975 for which the grand jury returned two no true bills, and these actions were never prosecuted any further. There were also worthless check charges in 1985 for which he made restitution. The trial judge also recognized that a prison sentence would cause economic and financial hardships to the family, however, the trial judge concluded that imprisonment of the defendant would not cause any more undue hardship than imprisonment of a husband and father would cause in any other family. The trial judge noted that defendant had not lived in the family home for five or six months and that he had only been providing minimal assistance to the support of his family. The trial judge stated he considered the statement the defendant made to the police, the statement of his daughter, a letter from the defendant’s father-in-law, and a letter from the AA concerning the defendant’s regular attendance at their meetings.
Although it was not considered by the trial court, we note that defendant benefit-ted from being allowed to enter into a plea bargain and that his sentence exposure was lessened from a maximum of fifteen years imprisonment and a $10,000.00 fine, to a maximum of seven years and a $5,000.00 fine. Defendant’s plea bargain significantly reduced his possible sentence exposure.
After reviewing the record, we conclude that the trial judge did not abuse his discretion in sentencing defendant to serve five and one-half years at hard labor.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.